a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JASON RYAN SANFORD #12944-078,       CIVIL DOCKET NO. 1:21-CV-01285
Plaintiff                                                           SEC P

VERSUS                                             JUDGE DAVID C. JOSEPH

FEDERAL BUREAU OF PRISONS,       MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Jason Ryan Sanford ("Sanford"). Sanford is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). At the time of filing, Sanford was incarcerated at the United States Penitentiary in Pollock, Louisiana, but he is now at the United States Penitentiary at Florence, Colorado. Sanford challenges the computation of his sentence by the BOP.

Because Sanford has received all of the credit to which he is entitled by law, his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

## I.    Background

Sanford was arrested on state drug charges on December 12, 2016, and detained in Denton County, Texas. ECF No. 1-1 at 3. On December 16, 2016, he was indicted in the United States District Court for the Eastern District of Texas on charges of conspiracy to distribute and possession with intent to distribute

1

methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. *United States v. Sanford,* 4:16-CR-00172 (E.D. Tex.); ECF No. 1.

On December 29, 2016, Sanford was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. *Id.* at ECF Nos. 6, 7. He eventually pleaded guilty to the conspiracy charge. *United States v. Sanford,* 4:16-CR-00172 (E.D. Tex.). On October 4, 2017, Sanford was sentenced to 63 months of federal imprisonment. *Id.* at ECF No. 36. The judgment specified that the sentence "shall run consecutive to case nos. F1534458 and F1512683 pending in Dallas County Criminal District Court #1; case nos. MB1534890 and MA1513610 pending in Dallas County Criminal Court #6; and case no. F16-2421-367 pending in the 367th Judicial District Court of Denton County." *Id.* at ECF No. 37.

Sanford was returned to state custody after his federal sentencing. On October 26, 2017, he was sentenced to four years in state prison. Sanford was paroled from that sentence and received into federal custody on March 12, 2018. ECF No. 1-1 at 3.

Sanford alleges that the criminal charges in Denton County were ultimately dismissed. ECF No. 1 at 6. Therefore, he claims that his federal sentence should be credited from the date of his arrest through the date of his federal sentencing on October 4, 2017.

## II.    Law and Analysis

The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General, who has delegated that responsibility to the

BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A district court may review a challenge to the BOP's refusal to grant credit in a § 2241 petition. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

The computation of a federal sentence is governed by 18 U.S.C. § 3585, which provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> > (1)   as a result of the offense for which the sentence was imposed; or
> > (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> > that has not been credited against another sentence.

Therefore, a prisoner's federal sentence commences when he is received in federal custody to begin serving his sentence. And he only gets credit for time served if it has not already been credited toward another sentence, "regardless of whether the sentence is federal, state or foreign." BOP Program Statement 5880.28, Sentence Computation Manual.

Sanford was received in federal custody for service of his sentence on March 12, 2018. He can only receive credit for prior custody if that time has not been credited toward another sentence.

Even though Sanford's Denton County charges were allegedly dismissed, he was still sentenced to a state term of four years based on other charges. ECF No. 1-1 at 3. And the time from his arrest on December 12, 2016 through March 12, 2018, when he was paroled, was credited toward his state term of imprisonment. Therefore, it cannot also be credited toward his federal sentence. 18 U.S.C. § 3585(b).

Sanford claims that he would have brought this up at sentencing had his attorney informed him that he would not receive credit for state custody. ECF No. 1 at 7. However, the sentencing judge was clearly aware of the pending state charges and chose not to order concurrent sentences. In fact, the judgment is clear that the federal sentence was to run consecutive to any sentence imposed in a list of pending cases in Dallas Criminal District Court, Dallas County Criminal Court, and Denton County. *See Sanford,* 4:16-CR-00172 (E.D. Tex.); ECF No. 37 at 2.

Under §3585 and the Judgment of the sentencing court, Sanford has received all of the credit to which he is entitled by law.

## III.   Conclusion

Because Sanford has been afforded all the sentencing credit to which he is entitled, his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, February 22, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE